UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEVIN D. MCGOUGH,

                    Petitioner,

     v.                                          9:16-CV-0347
                                                       (GLS/DEP)

WILLIAM LEE,

                    Respondent.

---

APPEARANCES:

KEVIN D. MCGOUGH
12-A-0497
Petitioner, pro se
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

GARY L. SHARPE
Senior United States District Judge

# DECISION and ORDER

## I.    INTRODUCTION

      Petitioner Kevin D. McGough filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis (IFP). Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, IFP Application. For the reasons that follow, petitioner's IFP Application is granted,[1] and this action is dismissed without prejudice.

## II.    THE PETITION

      Petitioner challenges a 2011 judgment of conviction in the Schenectady County Court,

---

[1] Ordinarily, an IFP Application must include a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities the petitioner has in any account in the petitioner's name at the facility. Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's IFP Application is not certified, but he included an Inmate Statement showing the average spendable balance in his inmate account for the previous six months. Dkt. No. 2 at 3, Inmate Statement. Based upon the information in his application and inmate account statement, petitioner is eligible for IFP status.

of second degree criminal possession of a weapon and other, related charges.  Pet. at 1-2.[2] He states that, on November 26, 2014, the Appellate Division affirmed his conviction, and that, on February 18, 2015, the New York Court of Appeals denied leave to appeal further. *Id.* at 3-6.  Petitioner also states that he filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law (CPL) § 440.10 in the Schenectady County Court, and that the motion remains pending.  *Id.* at 5.

Petitioner raises two grounds for habeas relief: trial counsel was ineffective for failing to investigate and present a "witness with exculpatory testimony" (Ground One); and he was denied the right to a public trial because the trial court closed the courtroom to his family and friends (Ground Two).  Pet. at 8-10.  Petitioner states that Ground One was raised in the pending CPL §440.10 motion, and that Ground Two was raised on direct appeal.  *Id.* at 6, 9, 10; *see People v. McGough*, 122 A.D.3d 1164, 1167-68 (3d Dep't 2014), *lv. denied* 24 N.Y.3d 1220 (2015).  He seeks immediate release from custody.  *Id.* at 18.

## III.    DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii).  The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]"  *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

---

[2] The cited page numbers refer to those generated by the Court's electronic filing system (ECF).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

Petitioner states that Ground One of the petition was raised in a CPL § 440.10 motion that remains pending in the Schenectady County Court. Pet. at 5, 9-10. Based upon petitioner's papers, no state court has decided that claim, much less the highest state court capable of reviewing it.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.*, where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000); *see* CPL § 450.15(1) (providing that a defendant may seek a certificate granting leave to appeal from

3

the denial of a CPL §440.10 motion); CPL § 460.10(4)(a) ("Within thirty days after service upon the defendant of a copy of the order sought to be appealed, the defendant must make application, pursuant to section 460.15, for a certificate granting leave to appeal to the intermediate appellate court."). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing a CPL § 440.10 motion. *See* Pet. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

Based on the foregoing, this petition is premature and will be dismissed without prejudice. The Court notes that petitioner will not be unduly prejudiced by dismissal of this action. Based upon the information in the petition, the timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern in this case. 28 U.S.C. §2244(d)[3]; *see Foster v. Spitzer*, No. 9:07-CV-0103 (LEK/DRH), 2007 WL 1531904 at *2 (N.D.N.Y. May

---

[3] Under the AEDPA, habeas petitions challenging a state-court judgment of conviction are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period so long as the applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548; *Monroe v. Rock*, No. 6:09-CV-6366, 2011 WL 1792926 at *2 (W.D.N.Y. May 10, 2011). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548; *Smith v. McGinnis,* 208 F.2d 13, 16 (2d Cir. 2000).
  Based upon petitioner's papers, the New York Court of Appeals denied leave to appeal from the Appellate Division's decision affirming his conviction on February 18, 2015. Pet. at 3. His conviction became final ninety days later, on May 19, 2015, giving him until May 19, 2016 to file a timely habeas petition. He apparently filed his CPL § 440.10 motion before the one-year limitations period expired. The CPL § 440.10 motion operated to toll the statute of limitations, and it remains tolled until the motion is decided and, if the motion is denied, until either: (1) the time to seek leave to appeal from the denial of the CPL § 440.10 motion expires (*see* CPL § 460.10(4)(a)); or (2) the date the Appellate Division decides any motion for leave to appeal. 28 U.S.C. § 2244(d)(1)(A); *Saunders*, 587 F.3d at 548 (explaining that "[i]n *Bennett* [*v. Artuz,* 199 F.3d 116, 120 (2d Cir. 1999)], we held that a § 440.10 motion is 'pending' for purposes of AEDPA at least from the time it is filed through the time in which the petitioner could file an application for a certificate for leave to appeal the Appellate Division's denial of the motion").
  To avoid problems with the statute of limitations, petitioner should **PROMPTLY** re-file his federal habeas petition, if necessary, upon exhaustion of his state remedies.

24, 2007) ("[b]ased upon the information set forth [in his petition], it appears that Petitioner will have ample opportunity to timely file a § 2254 habeas Petition setting forth his claims once he has exhausted his State court remedies."). Additionally, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

In sum, petitioner's IFP Application is granted and the petition is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address [the petitioner]'s federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss [the petitioner]'s petition without prejudice. This will allow [the petitioner] to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.").

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's IFP Application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability (COA) shall issue in this case because

petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[4]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

April 4, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[Section] 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'").